IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**WALLACE MITCHELL,**

        Plaintiff,

    v.                                          CIVIL ACTION NO. 5:22-cv-12
                                                    Judge Bailey

**R. SKINNER, LIEUTENANT SANDERS,
LIEUTENANT CARR, LIEUTENANT
HENDERSON, SHANE HIXENBAUGH,
COUNSELOR MCDUFFIE, A. BURKE,
OFFICER WYLES, OFFICER PITT,
OFFICER PARKER, VERNON BYRD,
OFFICER WARE, OFFICER C. DAVIS,
GREGORY MIMS, M.D., DR. COUCH,
RICHARD A. HUDGINS, J. KIDDER,**
and **THE UNITED STATES OF AMERICA.**

        Defendants.

**REPORT AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR AN EMERGENCY INJUNCTION AND/OR
<u>TEMPORARY RESTRAINING ORDER</u>**

**I.    INTRODUCTION**

On January 24, 2022, the *pro se* plaintiff, an inmate at Hazelton USP in Bruceton Mills, West Virginia, filed the above-styled civil rights action pursuant to <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). [Doc. 1.] On July 2022, plaintiff filed a "Motion for an Emergency Injunction and/or Temporary Restraining Order." [Doc. 37]. The motion seeks to "enjoin the defendants, their agents, employees, and anyone active in their concern, from forcing enemies into the plaintiff's cell, with the express purpose of retaliating against the plaintiff for filing this instant action, and to obstruct plaintiff from prosecuting this matter." [Id.]

1

## II. LEGAL STANDARD

The Fourth Circuit reviews "a district court's decision to grant a preliminary injunction under an abuse-of-discretion standard." International Refugee Assistance Project v. Trump, 883 F.3d 233, 255–56 (4th Cir. 2018), as amended (Feb. 28, 2018).

The standard for granting injunctive relief was articulated by the United States Supreme Court which held in Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) that:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

As restated by the Fourth Circuit, when a plaintiff seeks the extraordinary remedy of a preliminary injunction:

> The plaintiff "need not establish a certainty of success, but must make a clear showing that he is likely to succeed at trial." A plaintiff seeking a preliminary injunction must establish that (1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in her favor, and (4) an injunction is in the public interest.

Int'l Refugee, 883 F.3d at 256 (citing WV Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave, 553 F.3d 292, 298 (4th Cir. 2009) (citing Winter, 555 U.S. at 7)). This standard becomes even more exacting when a plaintiff seeks a preliminary injunction that mandates action, as contrasted with the typical form of a preliminary injunction that merely preserves the status quo. See East Tennessee Natural Gas Co. v. Sage, 361 Fed 3d 808, 828 (4th Cir. 2004) (quoting Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980))

(noting that "mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demands such relief").

### III. ANALYSIS

In regard to plaintiff's motion for a temporary restraining order (TRO) and/or preliminary injunction, it appears he cannot meet the four-part Winter test for issuance of a TRO or preliminary injunction. First, plaintiff has not shown he is likely to succeed on the merits in regard to his claim. "To state a claim for relief in an action brought under §1983, [plaintiffs] . . . must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999). See Thomas v. The Salvation Army Southern Territory, 841 F.3d 632, 637 (2016). Plaintiff claims that on or about July 6, 2022, an "enemy" was moved into his cell with the purpose of retaliating against him for filing this civil action. Plaintiff has not alleged that his cellmate has harmed him physically or emotionally in any way.

Second, plaintiff has not demonstrated that he is likely to suffer irreparable harm in the absence of preliminary relief. Plaintiff's statement that "[i]f the acts of the defendants are allowed to continue the plaintiff will suffer irreparable harm" without any evidence of any harm is not sufficient. Plaintiff's alleged claim of irreparable harm is remote and speculative.

Third, plaintiff has failed to show that the balance of equities tips in his favor. Despite his allegations of possible harm and/or threats, Plaintiff has submitted no

documents or other evidence to support his claim that an "enemy" has been forced into his cell. In fact, his cellmate has not even been identified by name.

Fourth, plaintiff has not demonstrated that an injunction is in the public interest. Plaintiff has raised no specific grounds which concern the public interest. Accordingly, plaintiff has not demonstrated that the public interest requires the injunction he seeks.

Because plaintiff is unable to meet any of the four parts of the Winter test for issuance of an injunction in relation to his motion [Doc 37] for a TRO and/or preliminary injunction, the same is not merited. Moreover, to the extent that plaintiff's motion seeks to mandate action by the defendants, plaintiff has failed to demonstrate that he is entitled to extraordinary relief because he has failed to demonstrate that the exigencies of the situation demand such relief.

## IV.   RECOMMENDATION

For the foregoing reasons, notably that the Plaintiff fails to meet the four-part test for issuance of a preliminary injunction, the Court **RECOMMENDS** that plaintiff's Motion for an Emergency Injunction and/or Temporary Restraining Order [Doc. 37] be **DENIED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge John Preston Bailey. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

4

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:     August 8, 2022

/s/ James P. Mazzone
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE