IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**WALLACE MITCHELL,**

        Plaintiff,

v.                                                              **Civil Action No. 5:22-CV-12**
                                                                               Judge Bailey

**R. SKINNER,** Prison Guard,
**LIEUTENANT SANDERS,** Prison Guard,
**LIEUTENANT CARR,** Prison Guard,
**LIEUTENANT HENDERSON,** Prison Guard,
**SHANE HIXENBAUGH,** Prison Counselor Guard,
**COUNSELOR McDUFFIE,** Prison Counselor Guard,
**A. BURKE,** Prison Guard,
**OFFICER WYLES,** Prison Guard,
**OFFICER PITT,** Prison Guard a/k/a Bun-Bun,
**OFFICER PARKER,** Prison Guard,
**VERNON BYRD,** Prison Guard a/k/a Limu Emu,
**OFFICER WARE,** Prison Guard,
**OFFICER C. DAVIS,** Prison Guard,
**GREGORY MIMS, M.D.,** Physician,
**DR. COUCH,** Psychologist,
**RICHARD A. HUDGINS,** Prison Guard, and
**J. KIDDER,** Prison Guard,

        Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above referenced case is before this Court upon the magistrate judge's recommendation that plaintiff's Motion for an Emergency Injunction and/or Temporary Restraining Order be denied. See [Doc. 40].

This Court is charged with conducting a *de novo* review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject,

or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. *Thomas v. Arn*, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

## I. DISCUSSION

On August 29, 2022, plaintiff filed a Second Motion for an Emergency Injunction and/or Temporary Restraining Order, or, in the alternative, to Show Cause [Doc. 44]. Therein, plaintiff states "in lieu of an objection, and to cure deficiencies, this second, more detailed motion for [an Injunction and/or Temporary Restraining Order] is offered. . . ." *See* [Id. at 3]. He also states that defendants "have committed new acts of harm that need to be enjoined." *See* [Id.]. Plaintiff states that since the first Motion, defendants "have continued to retaliate against the plaintiff for pursuing this instant complaint, and continue to force inmates plaintiff has identified as enemies into plaintiffs cell. . . ." *See* [Id. at 7]. Plaintiff also states that defendants have removed him from the "challenge program" as retaliation. *See* [Id. at 7–8]. However, these "new acts of harm" appear to be the same acts that plaintiff seeks to enjoin in his first Motion.

As laid out by Magistrate Judge Mazzone, the standard for granting injunctive relief was articulated by the United States Supreme Court which held in *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) that:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

As restated by the Fourth Circuit, when a plaintiff seeks the extraordinary remedy of a preliminary injunction:

> The plaintiff "need not establish a certainty of success, but must make clear a showing that he is likely to succeed at trial."  A plaintiff seeking a preliminary injunction must establish that (1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in her favor, and (4) an injunction is in the public interest.

***Int'l Refugee Assistance Project v. Trump***, 883 F.3d 233, 256 (4th Cir. 2018) (citing ***WV Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave***, 553 F.3d 292, 298 (4th Cir. 2009) (citing ***Winter***, 555 U.S. at 7)).  This standard becomes even more exacting when a plaintiff seeks a preliminary inunction that mandates action, as contrasted with the typical form of a preliminary injunction that merely preserves the status quo.  See ***East Tennessee Natural Gas Co. v. Sage***, 361 F.3d 808, 828 (4th Cir. 2004) (quoting ***Wetzel v. Edwards***, 638 F.2d 283, 286 (4th Cir. 1980) (noting that "[m]andatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demands such relief")).

In plaintiff's second Motion for a temporary restraining order ("TRO"), he cannot meet the four-part ***Winter*** test for issuance of a TRO or preliminary injunction. Plaintiff again seeks to mandate the actions of defendants. First, plaintiff has not shown he is likely to succeed on the merits in regard to his claim because he has not alleged that his cellmate has harmed him physically or emotionally in any way. All plaintiff has stated is that defendants force inmates into plaintiff's cell that plaintiff has identified as his enemies. Moreover, plaintiff states that seven (7) in-cell murders have occurred in the past 18 months at USP Beaumont. However, he does not allege facts that he himself has been harmed in any way.

Second, plaintiff has not demonstrated that he is likely to suffer irreparable harm because he provides no evidence of any harm to him.

Third, plaintiff has failed to show that the balance of equities tips in his favor. Plaintiff has not provided this Court with documents or other evidence to support his claim that "enemies" are being forced into his cell "to carry out the actions" on defendants behalf.

Fourth, plaintiff has not demonstrated that an injunction is in the public interest. He has not raised any specific ground, which concern the public interest.

Lastly, plaintiff has failed to demonstrate that he is entitled to this extraordinary relief because he has failed to demonstrate that the exigencies of the situation demand such relief. Accordingly, plaintiff's second Motion will be denied.

## II. CONCLUSION

A *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate

judge's report and recommendation [**Doc. 40**] is **ADOPTED**, and plaintiff's Motion for an Emergency Injunction and/or Temporary Restraining Order [**Doc. 37**] is hereby **DENIED**. Moreover, plaintiff's Second Motion for an Emergency Injunction and/or Temporary Restraining Order, or, in the alternative, to Show Cause [**Doc. 44**] is also **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED:** September 7, 2022.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE